UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL L. JOHNSON, | |
| *Plaintiff*, | Case No. 1:21-cv-3 |
| v. | Judge Jeffery P. Hopkins |
| RODNEY OSBORNE, *et al.*, | Magistrate Stephanie Bowman |
| *Defendants*. | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court on the Report and Recommendation ("R&R") issued by Magistrate Judge Stephanie K. Bowman on March 31, 2023 (Doc. 52), which recommends that this Court grant Defendants' Motion for Summary Judgment (Doc. 32) and deny as moot Plaintiff's Motion for Summary Judgment (Doc. 33). Plaintiff Michael Johnson ("Johnson" or "Plaintiff") later filed his objections (Docs. 53, 54) to the R&R. After conducting a de novo review pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), this Court **OVERRULES** the objections (Doc. 53, 54), **ADOPTS** the R&R (Doc. 52), and **GRANTS** Defendants' Motion for Summary Judgment (Doc. 32) and **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 33) as **MOOT**. The Court also rules that the remaining non-dispositive motions (Docs. 56, 57) are **DENIED** as **MOOT**.

I.     **BACKGROUND**

Johnson is a former inmate of the Southern Ohio Correctional Facility ("SOCF"). Johnson is now incarcerated at the Toledo Correctional Institution ("TOCI"). He brings this prisoner civil rights action against various SOCF correctional officers and employees.

Johnson states that while at SOCF on February 8, 2019, an inmate threw feces into his cell. Doc. 11, PageID 68.[1] Johnson alleges that he requested that Defendant Edwin Koch ("Koch") review camera footage to determine which inmate threw the excrement at him. *Id.* However, according to Johnson, Koch not only ignored his request, but returned with another correctional officer, Defendant Osborne, who placed him in a segregation cell using excessive force. *Id.* at PageID 68, 70. Johnson further alleges that Osborne violated his Fourth Amendment rights by conducting a strip search of his person in front of another female officer. *Id.* at PageID 72, 74. Johnson subsequently determined that Koch instructed the inmate to throw feces into his cell and that Koch wrote up a conduct report—on February 8, 2019—concerning Johnson because Johnson filed a grievance against Koch and other correctional officers. *Id.* at PageID 70.

Following these events, Johnson submitted an Informal Complaint Resolution ("ICR") regarding Koch on February 13, 2019. Doc. 32, PageID 352. In the ICR, Johnson accused Koch of writing a false report about him that resulted in Johnson being wrongfully segregated and placed on continuous watch. *Id.* Johnson did not file an ICR, or other grievance form, concerning Osborne's behavior on February 8, 2019. Doc. 32, PageID 352.

On January 4, 2021, Johnson initiated this civil rights action under 42 U.S.C. § 1983 alleging thirteen claims against four named employees of the Ohio Department of Rehabilitation and Correction ("ODRC") in connection with a February 8, 2019, incidents at SOCF. On April 27, 2021, Magistrate Judge Bowman conducted a *sua sponte* review of the Complaint dismissing most claims but allowing three claims against Koch and Osborne

---

[1] Because the Court adopts the R&R on the grounds that Johnson failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, the Court does not comprehensively summarize Johnson's factual allegations.

2

(together, "Defendants") to survive. Doc. 12. Johnson was permitted to proceed with his excessive force claim against Osborne, and, out of an abundance of caution, his Fourth Amendment claim against Osborne and a First Amendment retaliation claim against Koch. *Id.*

Defendants filed a Motion for Summary Judgment (Doc. 32) on March 14, 2022, which the Magistrate Judge recommended be granted (Doc. 52) because Johnson failed to exhaust the administrative remedies available to him. Since then, Johnson filed two objections to the Magistrate Judge's R&R (Docs. 53, 54). Those objections are now before the Court.

## II. LAW AND ANALYSIS

Objections to a report and recommendation are reviewed de novo. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

### A. Summary Judgment Standard of Review.

Defendants seek an order from this Court granting summary judgment in their favor. "The 'part[ies] seeking summary judgment always bear[] the initial responsibility of informing the district court of the basis for [their] motion and identifying those portions' of the record which demonstrate 'the absence of a genuine issue of material fact.'" *Rudolph v. Allstate Ins. Co.*, No. 2:18-cv-1743, 2020 WL 4530600, at *3 (S.D. Ohio Aug. 6, 2020) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

But the non-moving party cannot defeat summary judgment merely by pointing to any factual dispute. Indeed, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Int'l Outdoor, Inc. v. City of Troy*, 974 F.3d 690, 697 (6th Cir. 2020) (bracket and emphases omitted) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)). In other words, the dispute must be "genuine" (*i.e.*, supported by evidence) and go to a "material fact" (*i.e.*, a fact that could matter to the outcome).

After reviewing the cited evidence, the Court must determine whether there is some "sufficient disagreement" that necessitates submitting the matter to a jury. *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 340 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251–52). In making that determination, though, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995) ("In arriving at a resolution, the court must afford all reasonable inferences, and construe the evidence in the light most favorable to the nonmoving party.").

Because plaintiff is a pro se litigant, his filings are liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) (pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings). A party's status as a pro se litigant, however, does not alter the party's duty on a summary judgment motion to support his factual assertions with admissible evidence. *Maston v. Montgomery Cty. Jail Med. Staff Pers.*, 832 F. Supp. 2d 846, 851–52 (S.D. Ohio 2011) (citing *Viergutz v. Lucent Techs., Inc.*, 375 F. App'x 482, 485 (6th Cir. 2010)). When opposing a motion

4

for summary judgment, a pro se party cannot rely on allegations or denials in unsworn filings. *Id.* (citing *Viergutz*, 375 F. App'x at 485).

### B. Johnson Failed to Exhaust Administrative Remedies, Therefore Is Barred from Further Pursuing His Claims.

Defendants' Motion requires the Court to determine if there is a genuine issue as to any material fact regarding whether Johnson exhausted his administrative remedies before bringing this case. Specifically, the Court must determine whether there is a genuine issue for trial concerning whether Johnson completed—or sufficiently attempted to complete—Ohio's inmate grievance process. The Court finds no genuine issue of material fact. Accordingly, summary judgment in favor of Defendants is warranted.

#### 1. PLRA Exhaustion.

Congress enacted the PLRA in 1996 to "reduce the quantity and improve the quality of prisoner suits" that were flooding federal district courts nationwide and to reduce the need for federal courts to intervene in prison management. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). To help achieve these objectives, the PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This mandatory exhaustion requirement acts as a gatekeeper and is intended "to allow prison officials 'a fair opportunity' to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court." *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010) (citing *Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006)).

The PLRA does not provide a uniform federal exhaustion standard; rather, the inmate's correctional institution defines the applicable procedural rules that the inmate must

5

follow to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 218 (2007). Thus, to comply with the PLRA's exhaustion requirement, an inmate must take "advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed-Bey*, 603 F.3d at 324 (citing *Woodford*, 548 U.S. at 90, 95); *see also Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) (finding that an inmate exhausted his administrative remedies by sufficiently complying with the institution's grievance process under the circumstances).

Although the PLRA's exhaustion requirement is strictly construed, the statute "contains its own, textual exception to mandatory exhaustion" that applies when remedies are not "available." *Ross v. Blake*, 578 U.S. 632, 642 (2016). That is, an inmate must only exhaust available remedies, not unavailable ones. *Id.* (citing 42 U.S.C. § 1997e(a)). The Supreme Court has identified three situations in which an administrative procedure is unavailable to prisoners and is therefore not subject to the exhaustion requirement: (1) "when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (2) when "some mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it" because it is "so opaque" or "so confusing"; and (3) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 643–44.

Even if an inmate has evidence to show that an administrative procedure was unavailable, he is not automatically absolved from the PLRA's exhaustion requirement because the Sixth Circuit requires inmates to make "affirmative efforts to comply with the

administrative procedures before analyzing whether the facility rendered these remedies unavailable." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015) (quoting *Napier v. Laurel Cty.*, 636 F.3d 218, 223 (6th Cir. 2011)). "When a prisoner makes affirmative efforts to comply but does not succeed, we analyze whether those efforts to exhaust were sufficient under the circumstances." *Id.* (quoting *Risher*, 639 F.3d at 240) (internal quotation marks omitted).

      2.      **Ohio's Three-Step Inmate Grievance Procedure.**

Johnson was required to follow Ohio's three-step "inmate grievance procedure" to exhaust his administrative remedies properly under the PLRA. *See* Ohio Admin. Code 5120-9-31(J). During the period between the incident in February of 2019, and when Johnson filed his federal lawsuit on January 4, 2021, there were three different versions of these procedures in effect, and another version—the current version—went into effect on March 21, 2021. "For our purposes, there is no meaningful difference between these four versions, and we will cite to the current version of the Ohio Administrative Code in our analysis for ease of reference." *Lamb v. Kendrick*, 52 F.4th 286, 293 (6th Cir. 2022).

Ohio's three-step inmate grievance process operates as follows. First, the inmate is required to file an ICR with the direct supervisor of the staff member or department most directly responsible for the subject matter of the complaint within 14 days of the event giving rise to the complaint. Ohio Admin. Code § 5120-9-31(J)(1). Second, if the inmate is unsatisfied with the response to his informal complaint, he may file a formal grievance with the inspector of institutional services at his institution of confinement. *Id.* at § 5120-9-31(J)(2). The inspector of institutional services is required to provide a written response to the inmate's grievance within 14 calendar days of receipt of the grievance. *Id.* If the inmate is dissatisfied with the response, he may undertake the third step of the grievance process and file an appeal

7

to the Office of the Chief Inspector of the ODRC within 14 days of the disposition of the formal grievance. *Id.* at § 5120-9-31(J)(3). Compliance with this procedure is measured against "the prison's requirements, and not the PLRA . . . ." *Jones*, 549 U.S. at 218.

The Magistrate Judge found that Johnson failed to exhaust his administrative remedies or that his claims fall within any of the three recognized exceptions to the exhaustion requirement. *See generally,* Doc. 52. As best this Court can decipher from the pleadings, Johnson's objection to the Magistrate's findings rests upon on two main grounds. The Court will address those objections below.

### 3. Johnson's Option to Object to the R&R.

"Like the filings of many pro se prisoners," objections to reports and recommendations are often "written in a stream of consciousness style that tries to throw as broad of a legal reach as possible by citing to legal principles that are not directly applicable or are only tangentially related to the merits of [a] case." *Jones v. City of Fairlawn*, No. 5:03-cv-1976, 2005 WL 3543970, at *1 (N.D. Ohio Dec. 28, 2005). When a prisoner litigant offers only general objections, it "has the same effect[] as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *Boyd v. United States*, No. 1:16-cv-802, 2017 WL 680634, at *1 (S.D. Ohio Feb. 21, 2017) (citing *Howard* but noting "the objections of a petitioner appearing pro se will be construed liberally" (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))). "[A] general objection to the entirety of a magistrate's report, without specifying a single issue of contention, fails to satisfy" this specificity requirement. *Howard*, 932 F.2d at 509.

Johnson's objections to the R&R largely contend: (1) that in accordance with step two of Ohio's three-step inmate grievance procedure, he appealed the disposition of his grievance

8

against Koch "which [was] filed at Toledo Correctional Institution J-PAY machine." (Doc. 53, PageID 994—96); and (2) that he filed an ICR dated February 26, 2019, against Osborne for his involvement in the February 8, 2019, incident. Doc. 53, PageID 1001. Construing Johnson's filings as favorably to him as possible, the Court finds that his objections lack merit.

First, Johnson has not tendered any evidence—other than his declaration—that an appeal of the disposition related to Koch occurred. And, as the Magistrate Judge found, this declaration lacks the "baseline level of specificity" required to survive at the summary judgment stage. *See* Doc. 52, PageID 986 (collecting cases).

Second, the February 26, 2019, ICR Johnson identifies states that he had an incident "with Sgt. Bailey," not Osborne. Doc. 29-2, PageID 199. Even if Johnson's misidentified Osborne, the ICR was filed 18 days *after* the events of February 8, 2019. Ohio law, however, required Johnson to file a complaint *within* 14 days after the incident. *See* Ohio Admin. Code § 5120-9-31(J)(1). Moreover, Johnson failed to provide any evidence that he timely appealed the disposition of any ICR regarding Osborne in conformity with step two or three of the grievance procedure.

Accordingly, these objections do not undermine any of the Magistrate Judge's findings. The Court finds that Johnson has did not exhaust his administrative remedies concerning both Osborne and Koch. Both Johnson's objections to the R&R are without merit and therefore **OVERRULED**.

III. CONCLUSION

This Court **OVERRULES** Johnson's objections (Docs. 53, 54), **ADOPTS** the R&R (Doc.32), and **GRANTS** summary judgment in favor of Defendants (Doc.32) and **DENIES** Plaintiff's Motion for Summary Judgment (Doc. 33) as **MOOT**. The remaining non-

dispositive motions (Docs. 56, 57) are also **DENIED** as **MOOT**. This Court also finds that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal may not proceed in forma pauperis, as that appeal would not be taken in good faith.

The Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

Dated: August 13, 2024

Hon. Jeffery P. Hopkins
United States District Judge